IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**OLIVER WILLIAM WOODS, JR.**                                                **PLAINTIFF**

**V.**                                         **NO. 3:24-CV-5-DMB-RP**

**COLIN BERRYHILL; and
SOUTHAVEN POLICE
DEPARTMENT**                                             **DEFENDANTS**

**OPINION AND ORDER**

Oliver William Woods, Jr., sued Colin Berryhill and the Southaven Police Department alleging Fourth Amendment violations he claims led to him being charged with disorderly conduct, possession of paraphernalia, and resisting arrest. The defendants move for judgment on the pleadings or, alternatively, summary judgment on all Woods' claims. Because Woods' claims ultimately seek to invalidate his disorderly conduct conviction, judgment on the pleadings will be granted.

**I
Procedural History**

On January 5, 2024, Oliver William Woods, Jr., filed a complaint against Colin Berryhill and the Southaven Police Department in the United States District Court for the Northern District of Mississippi, alleging claims under 42 U.S.C. § 1983 for violations of his Fourth Amendment rights against unreasonable seizure, false arrest, excessive force, and unreasonable search, based on his encounter with Berryhill on September 10, 2021, in Southaven, Mississippi.[1] Doc. #1. The defendants answered the complaint on March 18, 2024. Doc. #11. Two days later, the defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or,

---

[1] The complaint also contains a section titled, "Punitive Damages Are Necessary to Deter Defendant Colin Berryhill's Future Misconduct." Doc. #1 at 24 (capitalization omitted). Punitive damages are a remedy, not a cause of action.

alternatively, summary judgment. Doc. #12. Woods did not respond to the motion.

## II
## Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard to evaluate a motion under Rule 12(c) is the same as a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Templeton v. Jarmillo*, 28 F.4th 618, 621 (5th Cir. 2022). For a complaint to survive a Rule 12(c) motion, it must "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). But the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. Pro. 12(d). However, since Rule 10(c) "incorporates into the pleadings all exhibits attached thereto, the district court can consider those documents in deciding a Rule 12(c) motion without converting it into a Rule 56 summary judgment motion." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1371 (3d ed. 2024); *see Foerster v. Bleess*, No. 20-20583, 2022 WL 38996, at *2 (5th Cir. 2022) ("In our *de novo* review of the grant of a Rule 12(c) motion, we consider 'the contents of the pleadings, including attachments thereto.'") (quoting *Bosarge v. MS Bureau of Narcotics*, 769 F.3d 435, 440 (5th Cir. 2015)).

Here, the defendants did not attach exhibits to their motion but they attached exhibits to their answer. Because an answer is a pleading under Rule 7(a)(2), the attachments to the answer may be considered. The Court therefore will evaluate the defendants' motion solely under Rule 12(c).

**III**
**Factual Allegations**

On March 13, 2021, Oliver Williams Woods, Jr., injured the proximal interphalangeal joint on the "small finger" of his right hand while at work as a loader for Amazon. Doc. #1 at 2–3. Woods could no longer work due to the injury, and started to attend physical therapy to get his right hand back to normal. *Id.* at 3.

On September 10, 2021, Woods rode his bicycle to the Kroger at 3095 Goodman Road East in Southaven, Mississippi, to buy food. *Id.* at 3. When Woods arrived to the parking lot, he realized he left his grocery list at home. *Id.* Woods went to the air pump at the fuel station to check if his bicycle tires had the correct pressure, and started compiling his grocery list. A woman named Emma Owens drove to where Woods was and told Woods he could not be at the parking lot. *Id.* Woods told Owens he was figuring out his grocery list because he had left his grocery list at home. *Id.* at 3–4. After Owens "said that there were people breaking into cars and stealing purses," Woods told her he was not. *Id.* After Woods asked Owens to leave him alone, she left. *Id.* at 4.

As Woods was about to leave the parking lot, he was stopped by two police officers who informed him someone called the police on him. *Id.* When they asked Woods what happened, Woods told them about his encounter with Owens, and showed them a receipt for hemp flower he bought. *Id.* The officers told Woods that "he was doing nothing illegal and that he was free to go." *Id.*

As he was leaving the parking lot, Colin Berryhill, who was driving in his squad car, asked Woods to stop, "which he did." *Id.* Berryhill got out of his vehicle, and when Woods asked Berryhill "what he had done," Berryhill "retorted to [Woods] to get off his bicycle." *Id.* Suddenly, Berryhill pushed Woods off his bicycle, slammed him to the ground, put him in hand cuffs, and

began searching his pockets.² *Id.* at 5. Woods asked Berryhill "what he had done to be arrested" and Berryhill told him that "he had tried to stop him, but [he] refused to listen." *Id.* Woods informed Berryhill that he did not hear him because he had EarPods in his ears. *Id.* Berryhill then put Woods in the back of his squad car, seized Wood's bicycle and fanny pack, and looked in the fanny pack to see what was inside, finding Woods' hemp flower, the receipt for the hemp flower, a notebook, and a charger. *Id.* Berryhill drove Woods in his squad car to the DeSoto County Adult Detention Facility. *Id.*

Woods was taken to the Southaven Municipal Court where he was charged with "Disorderly Conduct – Failure to Obey contrary to Miss. Code § 97-35-7(1)(i), Possession of Paraphernalia contrary to Miss. Code § 41-29-139(d)(1) and Resisting Arrest contrary to Miss. Code § 97-9-73." *Id.* Woods was found not guilty of the possession of paraphernalia and resisting arrest charges. *Id.* However, he was found guilty of the disorderly conduct-failure to obey charge. *Id.*; Doc. #11-1. "In an affidavit sworn under oath on September 10, 2021, [Berryhill] falsely stated that [Woods] … refused to stop his bicycle after several orders and that [Woods] refused to get off his bicycle." *Id.* at 6. During discovery in Woods' trial,³ the Southaven Police Department produced Berryhill's body cam footage from the time he arrested Woods. *Id.* Berryhill's body cam footage shows Woods "lifting his left leg to get off his bicycle." *Id.* As a result of Berryhill pushing Woods from his bike and slamming him to the ground, the injury Woods sustained while working for Amazon worsened and Woods could not return to work. *Id.* at 7.

## IV
## Analysis

In seeking judgment on the pleadings, the defendants argue that (1) "Woods' claims are

---

² Woods "had a rail gun that was safely holstered in his shirt." Doc. #1 at 5.
³ Woods was represented by counsel during the trial. Doc. #11-1.

barred by Heck v. Humphrey as he was found guilty of disorderly conduct at trial and without an underlying constitutional violation, he has no Monell claim;" (2) "[i]f any claims remain, Berryhill is entitled to qualified immunity;" and (3) "Woods' official capacity claim fails because he did not name a party capable of being sued and did not serve a proper governmental entity." Doc. #12 at 1. Though Woods did not respond to the motion, the Court will review the motion on its merits. *See* L.U. Civ. R. 7(b)(3)(E) (when party fails to respond to dispositive motion, court may not grant motion as unopposed).

### A.  Fourth Amendment Claims

In his complaint, Woods alleges Fourth Amendment violations based on his contentions that Berryhill (1) unreasonably seized him by demanding him to stop his bicycle; (2) submitted a false affidavit that resulted in his arrest; (3) used excessive force against him; and (4) conducted an unreasonable search of his person. Doc. #1 at 1–21.

#### 1.  Unreasonable seizure

The defendants argue that Woods' unreasonable seizure claim is barred by *Heck v. Humphrey* because Woods' disorderly conduct conviction necessarily implies there was probable cause for his arrest, and the facts in his complaint and those underlying his disorderly conduct conviction are based on the same incident. Doc. #13 at 10.

In *Heck v. Humphrey*, the United States Supreme Court held that "in order to recover damages … for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed …, expunged …, declared invalid …, or called into question." 512 U.S. 477, 486–87 (1994). A plaintiff's § 1983 action that seeks to prove his criminal conviction was not supported by probable cause collides with *Heck*. *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995).

5

In his complaint, Woods alleges that "Berryhill's demand that [he] stop was not based on any reasonable suspicion or probable cause." Doc. #1 at 11. If there was probable cause for Woods' disorderly conduct conviction, then his seizure was supported by probable cause, and his claim for unreasonable seizure must fail. *See Connors v. Graves*, 538 F.3d 373, 377 (5th Cir. 2008). By challenging the grounds for his seizure based on the same incident between him and Berryhill, Woods also attacks the grounds for his disorderly conduct conviction.[4] And since there is nothing in the motion record suggesting that Woods' disorderly conduct conviction was invalidated or even challenged, Woods' unreasonable seizure claim is barred by *Heck* and the defendants' motion will be granted in that respect.

## 2. False arrest

The defendants argue *Heck* bars Woods' false arrest claim for the same reason it bars his unlawful seizure claim. Doc. #13 at 10.

*Heck* also applies to bar claims for false arrest. *Cormier v. Lafayette City-Parish Consol. Gov't*, 493 Fed. App'x 578, 583 (5th Cir 2012). "False-arrest … claims—as attacks on probable cause—focus on the validity of the arrest." *Id*. "If there was probable cause for [the] disorderly conduct [conviction] … then the arrest was supported by probable cause, and the claim for false arrest fails." *Wells*, 45 F.3d at 95.

Because Woods' claim for false arrest would require the Court to "re-evaluate the lawfulness of [his] arrest and criminal conviction because proof of [his false arrest] claim[] requires proof that both were unlawful," *Thomas v. La. Dep't of Soc. Servs.*, 406 Fed. App'x 890, 898 (5th Cir. 2010), *Heck* bars Woods' false arrest claim too.

---

[4] Miss. Code § 97-35-7(1)(i) provides that "[w]hoever, with intent to provoke a breach of the peace, or under such circumstances as may lead to a breach of the peace … fails or refuses to promptly comply with or obey a request, command, or order of a law enforcement officer, … shall be guilty of disorderly conduct, which is made a misdemeanor."

6

### 3. Excessive force

The defendants argue that "Woods' claims of excessive force are also *Heck*-barred because success on such claim would also negate Woods' conviction of disorderly conduct." Doc. #13 at 12.

While the Fifth Circuit has applied *Heck* to bar claims for excessive force, *Cormier*, 493 Fed. App'x at 583, the ultimate determination of whether it does so is "analytical and fact-intensive" and requires a "focus on whether success on the excessive force claims requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction," *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008). Where a claim for excessive force can coexist with a plaintiff's conviction—without the former challenging the validity of the latter—*Heck* does not bar the excessive force claim. *See id.* (citing *Ballard v. Burton*, 444 F.3d 391, 401 (5th Cir. 2006) (excessive force claim conceptually and factually distinct from criminal conviction not barred by *Heck*).[5]

Woods alleges that Berryhill "retorted to [him] to get off his bicycle" when Berryhill "[s]uddenly … pushed [him] off his bicycle and slammed him to the ground" and that he "was forcibly removed from his bicycle [and] handcuffed … despite [his] cooperation and lack of any evidence or suspicion of criminal wrongdoing on his part." Doc. #1 at 4–5, 15. Woods' account of the encounter differs from Berryhill's as described in the Incident Report attached to the defendants' answer:

> I received another call from dispatch a few minutes after leaving stating the same male was back on scene angry at the manger and flipping them off. Upon my arrival

---

[5] In *Ballard*, the plaintiff's excessive force claim was allowed to proceed because a finding that the defendant used excessive force did not negate the elements of the criminal offense supporting the plaintiff's conviction. 444 F.3d at 399–400. A claim that an officer employed excessive force after a plaintiff no longer resisted or disobeyed the commands of the officer does not imply the invalidity of a conviction for earlier resistance. *Ducksworth v. Rook*, 647 Fed. App'x 383, 386 (5th Cir.). But "[w]here a complaint describes a single violent encounter in which the plaintiff claimed he was an innocent participant but the allegations are inconsistent with his conviction, *Heck* applies to bar his excessive-force claims." *Id.* (internal quotation marks omitted).

> I observed the same male identified as Oliver Woods riding a bike down one of the parking rows. I got on my vehicle's PA system and ordered him several times to stop his bike, but he turned and looked at me and kept going. I drove my vehicle up to where he was at which point he came to a stop. I ordered Woods twice to get off the bike, but he began to argue with me and refused. I grabbed Woods by the arm and began attempting to place one of his arms in handcuffs, but he pulled his arms away from me in an attempt from being handcuffed. I then pulled Woods off of the bike and he fell on the grass at which point I was able to place him into handcuffs without further incident.

Doc. #11-2 at PageID 77. Notwithstanding the differences in Woods' and Berryhill's accounts, the defendants contend that "[b]ased on Woods' conviction, it is established that Woods failed or refused to promptly comply with a request or command of a law enforcement officer" and that "[t]hese established facts are ***directly contradictory*** to Woods' allegations." Doc. #13 at 13 (emphasis in original). The Court agrees.

Woods' allegations are inconsistent with the grounds for his arrest and conviction, particularly the allegation that Berryhill lacked probable cause to engage with him. If Woods is allowed to prevail on his excessive force claim, "he will have established that his criminal conviction lacks any basis." *Arnold v. Town of Slaughter*, 100 Fed. App'x. 321, 325 (5th Cir. 2004). This inconsistency subjects Woods' excessive force claim to the ramifications of *Heck*.[6] *See Ducksworth*, 647 Fed. App'x at 386 (where specific allegations in complaint are necessarily inconsistent with validity of plaintiff's conviction, plaintiff's claim is *Heck*-barred (citing *Bush*, 513 F.3d at 498 n.14).

### 4. Unreasonable search

The defendants argue Wood's unreasonable search claim "cannot stand under *Heck*

---

[6] In *Bush*, *Heck* did not apply to the plaintiff's excessive force claim because "although the plaintiff's complaint stated that she "[a]t no time … resist[ed] her arrest, when the phrase was read in context, it was clear that she was referring to conduct that occurred after she was restrained." *Daigre v. City of Waveland*, 549 Fed. App'x 283, 286 (5th Cir. 2013) (citing *Bush*, 513 F.3d at 499 & n.14). That conclusion can hardly be drawn here. Woods' allegations concern a single encounter with Berryhill and do not describe Woods' behavior or Berryhill's conduct after Woods was handcuffed.

8

because Officer Berryhill had probable cause to arrest [Woods] and, therefore, reasonably search Woods incident to such lawful arrest." Doc. #13 at 11.

Generally, a search incident to arrest is reasonable if the arrest "is lawful and the search is incident to the arrest in purpose, time, scope, and place." *U.S. v. Ryan*, 415 F.2d 847, 850 (5th Cir. 1969). When an officer makes a lawful arrest—an arrest supported by probable cause—he has the right, without a warrant, to search the person of the accused. *Preston* v. *U.S.*, 376 U.S. 364, 367 (1964). The right to search without a search warrant extends to items under the suspect's control, including his personal property. *Id.*

Woods alleges that Berryhill "initiated the search of [his] property without any credible basis for suspecting him of criminal wrongdoing" and that "no probable cause existed to justify the search of [his] property." Doc. #1 at 19. But if the Court finds Woods' unreasonable search claim is valid, such suggests that his arrest was unlawful, thereby invalidating his disorderly conduct conviction. As mentioned above, since there is no evidence Woods' conviction was set aside, any claim relating to his arrest and conviction under § 1983 is barred by *Heck*. Judgment on the pleadings on Woods' unreasonable search claim will be granted.[7]

### B. Municipal Liability Claim

"In the official capacity claim against [Berryhill], [Woods] seeks to hold the Southaven Police Department liable for the policies, practices, and customs that led to the constitutional violations described [in his complaint]." Doc. #1 at 24.

"[O]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir.

---

[7] The defendants contend that even if Woods' Fourth Amendment claims are valid, they would fail still due to the doctrine of qualified immunity protecting Berryhill's actions. Doc. #13 at 15–16. Because Woods' Fourth Amendment claims are barred under *Heck*, the Court need not address the qualified immunity argument. *Connors*, 538 F.3d at 378.

9

2009) (quoting *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978). To prevail against a municipality under 42 U.S.C. § 1983, a plaintiff must establish "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Piotrowski v. City of Hous.*, 237 F.3d 567, 578–80 (5th Cir. 2001).

Because Woods' municipal liability claim fails to identify any policy or custom that was a moving force behind a constitutional violation and fails to allege any facts that would support the Southaven Police Department as a policy maker, he fails to establish a constitutional claim against Berryhill. *See Webb v. Town of Saint Joseph*, 25 F.3d 209, 218–20 (5th Cir. 2019) (affirming district court's grant of summary judgment on plaintiff's § 1983 claims for failure to establish policy enacted by the defendant-municipality was "the moving force behind the violation of any constitutional right"). Accordingly, judgment on the pleadings will be granted on Woods' municipality liability claim.

### C. Defendants' Request for Fees and Expenses

In addition to their request that Woods' complaint be dismissed with prejudice, the concluding paragraph of the defendants' motion requests that "Defendant be awarded and do recover from Plaintiff all of its costs, attorneys' fees and expenses associated with the defense of the instant civil action, on the ground that the said Complaint is legally and factually unsupportable and has been filed without substantial justification or without an arguable basis in law, and that such sanctions be imposed pursuant to Rule 11, Fed. R. Civ. Proc., and alternatively, that Defendant be awarded costs and attorneys' fees pursuant to 42 U.S.C. §1988." Doc. #12 at 2. However, because the defendants did not address this request in their memorandum brief, the motion for judgment on the pleadings will be denied in that respect. *See Ayorinde v. Team Indus.*

*Servs. Inc.*, No. 24-50185, _ F.4th _, 2024 WL 471458, at *5 (5th Cir. Nov. 8, 2024) (issue not raised and argued in initial brief deemed abandoned); *Hale v. Metrex Rsch. Corp.*, 963 F.3d 424, 427 (5th Cir. 2020) (claims waived "by failure to brief them or to argue in support").

**V**
**Conclusion**

The defendants' motion for judgment on the pleadings [12] is **GRANTED in Part and DENIED in Part**. The motion is GRANTED to the extent Woods' complaint is dismissed with prejudice. The motion is DENIED in all other respects. A final judgment will be issued.

**SO ORDERED**, this 14th day of November, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**