**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**OLIVER WILLIAM WOODS, JR.**     **PLAINTIFF**

V.     **NO. 3:24-CV-5-DMB-RP**

**COLIN BERRYHILL; and
SOUTHAVEN POLICE
DEPARTMENT**     **DEFENDANTS**

**ORDER**

On November 14, 2024, based on the defendants' motion for judgment on the pleadings, the Court issued an "Opinion and Order" dismissing Oliver William Woods, Jr.'s complaint with prejudice and entered judgment accordingly. Docs. #15, #16. On December 4, 2024, Woods filed "Plaintiff's Motion to Amend Opinion and Order Dated 11/14/2024." Doc. #17. The next day, the defendants moved to strike Woods' motion "for its violations of the Local Rules." Doc. #19 at 1. A week later, the defendants responded in opposition to Woods' motion. Doc. #21. Woods neither replied in support of his December 14 motion nor did he respond to the motion to strike.

In asking the Court to amend its ruling dismissing his complaint—which asserted Fourth Amendment claims under 42 U.S.C. § 1983—Woods, leading with a discussion of Federal Rule of Civil Procedure 59(e),[1] argues that (1) he "has sufficiently alleged facts in his Complaint that plausibly establish claims under the Fourth Amendment and 42 U.S.C. § 1983;" (2) his claims are not barred by *Heck v. Humphrey* because they "are independent of and do not require a finding of the invalidity of his disorderly conduct conviction;" (3) "Berryhill is not entitled to qualified

---

[1] Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

immunity;"[2] (4) his "unreasonable seizure, false arrest and unreasonable search [claims] are viable because there was no probable cause;" and (5) he stated a viable Monell claim. Doc. #17 at 2, 4–5, 17, 21, 37.

Citing Woods' violations of multiple Local Rules, the defendants submit that "Woods cannot argue that what he filed was simply a motion and not a memorandum brief;" "his 'motion' was 42 pages, contained extensive legal arguments, and cited to case law;" "Woods's original brief alone totaled 42 pages [and he] failed to receive (or even request) permission for these additional pages;" and "the exhibits to [the motion] are not all fully described and are not filed under the same document entry as the document improperly docketed as a motion." Doc. #20 at 2–3 (citing Local Rules 7(b)(2), (b)(2)(B), (b)(4), (b)(5)).[3]

The defendants are correct that Woods' motion fails to comply with the Local Rules because it exceeds four pages, is not accompanied by a separate memorandum brief, contains legal argument and citations to case law, and does not have its exhibit filed under the same docket entry. While "federal courts … have a 'traditional disposition of leniency toward pro se litigants,'" *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) (quoting *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998)), Woods' status as a pro se litigant does not excuse him from complying with the Court's Local Rules. *See, e.g.*, *Thorn v. McGary*, 684 Fed. App'x 430, 433 (5th Cir. 2017) ("Thorn was

---

[2] The Court did not address whether Berryhill was entitled to qualified immunity. *See* Doc. #15 at 9 n.7 ("Because Woods' Fourth Amendment claims are barred under *Heck*, the Court need not address the qualified immunity argument.") (citations omitted).

[3] *See* L.U. CIV. R. 7(b)(2) ("The memorandum brief must be filed as a separate docket item from the motion or response and the exhibits. … Further, all supporting exhibits not already of record and cited in the motion, response, or rebuttal by docket entry, must normally be filed under the same docket entry and denominated separately in the court's electronic filing system as exhibits to the motion, response, or rebuttal to which they relate."); *id.* 7(b)(2)(B) ("[A] motion may not exceed four pages, excluding exhibits, may contain only the grounds for the request and may not contain legal argument or citations to case law or other secondary authority."); *id.* 7(b)(4) ("At the time the motion is served, other than motions or applications that may be heard ex parte or those involving necessitous or urgent matters, counsel for movant must file a memorandum brief in support of the motion."); *id.* 7(b)(5) ("Movant's original and rebuttal memorandum briefs together may not exceed a total of 35 pages.").

not excused from complying with [the local rule] requirement by simple virtue of his pro se status."); *Buckner v. W. Tallahatchie Sch. Dist.*, No. 3:23-CV-471, 2024 WL 3763601, at *1 n.3 (N.D. Miss. Aug. 12, 2024) ("As a pro se litigant, Buckner's filings are liberally construed but he must still reasonably comply with the Court's rules.") (internal quotation marks and citation omitted). Consequently, the defendants' motion to strike [19] is **GRANTED**. Woods' motion [17] is **STRICKEN**.[4]

    **SO ORDERED**, this 10th day of June, 2025.

                                             /s/Debra M. Brown
                                             **UNITED STATES DISTRICT JUDGE**

---

[4] Woods' motion would be denied even had he complied with the Local Rules. "A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quotation marks and citation omitted). It "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment;" rather, its purpose is to allow "a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479. Woods' motion does not meet the Rule 59(e) standard. As the defendants point out, Woods' arguments could have been offered and raised had he simply responded to the defendants' motion for judgment on the pleadings. *See* Doc. #21 at 11 ("The arguments [Woods] makes are arguments he could have made in response to Defendants' motion."). And because reviewing Woods' motion on its merits would only result in a reiteration of the Court's November 14 ruling, the defendants are also correct that Woods' "[m]otion can be decided on his *Heck* and *Monell* arguments alone, as these were the only reasons for this Court's Order." *Id.* at 5.